UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Dennis Palmerini</u>

    v.                                Civil No. 12-cv-505-JD
                                        Opinion No. 2013 DNH 040

<u>Fidelity Investments Money
Management, Inc.</u>

### O R D E R

Dennis Palmerini brought suit against Fidelity Investments Money Management, Inc., his former employer, alleging discrimination under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12112(b)(5); violation of RSA 354-A:7; negligent and intentional infliction of emotional distress; and wrongful constructive discharge.[1]  Fidelity moves to dismiss the claim brought pursuant to RSA 354-A:7.  Palmerini, who is represented by counsel, did not respond to the motion to dismiss.

### Standard of Review

In reviewing a complaint for purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court considers only the factual allegations, not conclusory

---

[1] Fidelity states that Palmerini was employed by Fidelity Brokerage Services, LLC.

statements.  Juarez v. Select Portfolio, Servicing, Inc., --- F.3d ---, 2013 WL 500868, at *4 (1st Cir. Feb. 12, 2013).  Taking the properly pleaded facts as true, the court must determine whether they state a "plausible, not merely a conceivable, case for relief."  Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Discussion

Fidelity moves to dismiss Palmerini's claim under RSA 354-A:7 on the ground that the claim is barred because Palmerini did not appeal the ruling of the New Hampshire Commission on Human Rights ("NHCHR") to the New Hampshire Superior Court.  As noted above, Palmerini did not file a response.

In support of its motion, Fidelity filed copies of the complaint Palmerini filed with the NHCHR and the NHCHR's letter after its investigation.  Palmerini's complaint is dated January 7, 2011.  In the complaint, Palmerini alleged that Fidelity retaliated and discriminated against him because of his mental impairments of depression and post traumatic stress disorder.  On September 4, 2012, the NHCHR issued a letter finding no probable cause and dismissed the complaint.  The letter stated that Palmerini could appeal the no probable cause ruling to the

Superior Court or move to have the NHCHR reconsider the ruling. Palmerini filed the complaint in this court on December 20, 2012.

In his complaint filed here, Palmerini alleges that he received a right to sue letter from the Equal Employment Opportunity Commission but does not mention the NHCHR proceeding. Fidelity represents that "[t]he public record reveals no evidence that the Plaintiff appealed this decision, and Plaintiff does not allege that he appealed in his Complaint."

Under New Hampshire law, "[a]ny party alleging to be aggrieved by any practice made unlawful under this chapter may, at the expiration of 180 days after the timely filing of a complaint with the commission, or sooner if the commission assents in writing, but not later than 3 years after the alleged unlawful practice occurred, bring a civil action for damages . . . ." in superior court.  RSA 354-A:21-a,I.  However, "[a] superior court trial shall not be available . . . to a complainant whose charge has been dismissed as lacking in probable cause who has not prevailed on an appeal to superior court pursuant to RSA 354-A:21,II(a)."  Id.; see also Raymond v. Bob Mariano Jeep Dodge Sales, 2011 WL 635303, at *2-*3 (D.N.H. Feb. 17, 2011).  "To prevail on appeal, the moving party shall establish that the commission decision is unlawful or unreasonable by a clear preponderance of the evidence."  RSA 354-A:21,II(a).

If the prerequisites of RSA 354-A:21-a,I are met, a plaintiff can bring a claim under RSA 354-A:7 in this court. Munroe v. Compaq Compute Corp., 229 F. Supp. 2d 52, 66 (D.N.H. 2002). As would be the case in state court, the plaintiff who receives a finding of no probable cause from the NHCHR must successfully appeal that decision in state court before bringing suit here. Id.; see also Raymond, 2011 WL 635303, at *3.

In this case, Palmerini could have filed suit after 180 days from the date he filed his complaint and before the NHCHR issued its finding of no probable cause. See Raymond, 2011 WL 635303, at *3. Once the NHCHR found no probable cause and dismissed the complaint, however, Palmerini was required to appeal that ruling in superior court and obtain a favorable decision before bringing suit for violation of RSA 354-A:7. Because Palmerini failed to follow the procedure prescribed by RSA 354-A:21-a, he cannot maintain his RSA 354-A:7 claim here.

Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 6) is granted.  Count II is dismissed.

SO ORDERED.

                                        /s/ Joseph A. DiClerico, Jr.
                                        Joseph A. DiClerico, Jr.
                                        United States District Judge

March 20, 2013

cc: Darlene M. Daniele, Esquire
     Emily G. Rice, Esquire
     Edward J. Sackman, Esquire