UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Dennis Palmerini

    v.                                Civil No. 12-cv-505-JD

Fidelity Brokerage
Services LLC


O R D E R

Dennis Palmerini brought suit against Fidelity Brokerage Services LLC alleging claims of discrimination under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12112(b)(5); negligent and intentional infliction of emotional distress; and wrongful constructive discharge.[1]  Fidelity moves for judgment on the pleadings on the wrongful constructive discharge claim. Palmerini objects.


Standard of Review

After filing an answer to the complaint, a party may move for judgment on the pleadings.  Fed. R. Civ. P. 12(c).  The court uses the same standard as is used for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Collins v. Univ. of

---

[1] Palmerini's claim under RSA 354-A:7 was previously dismissed, and Fidelity Brokerage Services LLC was substituted for Fidelity Investments Money Management, Inc.

N.H., 664 F.3d 8, 13 (1st Cir. 2011).  Under the applicable standard, the court takes the well-pled allegations as true, views all of the facts in the light most favorable to the non-moving party, and determines whether the complaint alleges facts to support a claim "that is plausible on its face."  Downing v. Glove Direct LLC, 682 F.3d 18, 22 (1st Cir. 2012) (internal quotation marks omitted).

## Discussion

Fidelity moves for judgment on the pleadings on Palmerini's constructive wrongful discharge claim on the ground that the claim is precluded by the statutory remedy provided under the ADA.  Palmerini, who is represented by counsel, does not address Fidelity's argument in his objection but instead merely argues that the allegations in the complaint state a claim for constructive wrongful discharge.  Because Palmerini has failed to address the grounds raised by Fidelity in its motion, judgment is granted in Fidelity's favor.

"To prevail upon his wrongful discharge claim, the plaintiff had to establish that: (1) his termination was motivated by bad faith, retaliation or malice; and (2) that he was terminated for performing an act that public policy would encourage or for refusing to do something that public policy would condemn."

MacKenzie v. Linehan, 158 N.H. 476, 480 (2009).  When the discharge was constructive, the plaintiff must also show "that [his] employer rendered [his] working conditions so difficult and intolerable that a reasonable person would feel forced to resign."  Jeffery v. City of Nashua, 163 N.H. 683, 686 (2012).  In Smith v. F.W. Morse & Co., Inc., 76 F.3d 413, 428-29 (1st Cir. 1996), the court held that a statutory remedy precludes a wrongful discharge claim.

Fidelity asserts in support of judgment on the pleadings that the public policy Palmerini relies on for his wrongful discharge claim is the same issue that he raises in support of his ADA claim, which under Smith, precludes his wrongful discharge claim.  In his objection, Palmerini asserts only that he alleged facts to support the elements of a wrongful discharge claim.  He states that "public policy would not encourage the Plaintiff to return to a position for which he was mentally incapable of performing."  Obj. at 6.

Palmerini did not address Fidelity's argument that his wrongful discharge claim is precluded under Smith.  Although a contrary theory might have been raised, Palmerini did not do so.  See, e.g., Keele v. Colonial Imports Corp., 2012 WL 1000387, at *1-*2 (D.N.H. Mar. 23, 2012); True v. DJQ Enters., Inc., 2011 WL 794330, at *1 (D.N.H. Mar. 2, 2011).  Therefore, Palmerini failed

Case 1:12-cv-00505-JD Document 20 Filed 07/18/13 Page 4 of 4

to show that he alleged a viable wrongful constructive discharge claim.

## Conclusion

For the foregoing reasons, the defendant's motion for judgment on the pleadings on Count V is granted.

SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

July 18, 2013

cc:  Darlene M. Daniele, Esquire
     Emily G. Rice, Esquire
     Edward J. Sackman, Esquire
4