UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

DENNIS PALMERINI,

    Plaintiff,

v.                                    Docket No. 1:12-cv-505-JD

FIDELITY BROKERAGE SERVICES, LLC

    Defendant.

## CONFIDENTIALITY STIPULATION AND ORDER

It is hereby stipulated and agreed to among the parties, through their respective counsel, that certain information produced in discovery, marked for identification, and/or introduced into evidence during the above-captioned proceeding may be designated "Confidential Information" by any party to this action. When so identified by any party hereto in accordance with this Agreement, such information shall be deemed to be confidential and shall not be disclosed, except as set forth herein.

1.    "Confidential Information" as used herein shall include (a) confidential, personal, business, personnel, medical or financial information of any party; (b) a trade secret, proprietary or other confidential research, development, or commercial information, or the like; and/or (c) any information in the custody, possession, or control of a party, the disclosure of which, absent this Confidentiality Agreement, could constitute a violation of any third party's right of privacy or otherwise violate an obligation of confidentiality that such party owes to a third party. "Confidential Information" may be in any form, including documents, answers to interrogatories, answers to requests for admissions, deposition testimony, and the like.

2. The existence of this Confidentiality Agreement shall in no way limit or circumscribe the rights of the parties to withhold information on the basis of privilege, including, but not limited to, attorney work product, the attorney-client privilege, or any other evidentiary privilege. A purpose of this Confidentiality Agreement is to encourage the parties to this action to produce documents without the need for intervention by the Court.

3. When any person produces in this proceeding any material which is asserted by any party to contain or constitute "Confidential Information," the party asserting confidentiality shall promptly designate the material as confidential by stamping or otherwise affixing a label or sticker stating "CONFIDENTIAL" to the documents or information so designated at the time of their production. For a document consisting of multiple pages, a party may designate the entire document as "CONFIDENTIAL" by so marking the first page. All "Confidential Information" produced or obtained shall be maintained carefully so as to preclude access by persons who are not entitled to receive such information. To the extent that a party inadvertently fails to mark confidential documents or information as CONFIDENTIAL upon the production of such information, that does not preclude a party from subsequently making such a designation upon becoming aware of such error. Once designated as CONFIDENTIAL, the documents or information so designated will remain confidential for all purposes unless and until the designating party notifies opposing counsel of its intent to remove the designation. The CONFIDENTIAL designation is not waived by the filing of CONFIDENTIAL information with the Court.

4.   "Confidential Information" submitted in accordance with the provisions of this Agreement shall not be made available to any person designated in paragraphs 5 or 6 below unless such person agrees:

(a)   to be bound by the terms hereof; and

(b)   to maintain such "Confidential Information" in confidence; and

(c)   not to reveal the "Confidential Information" to anyone other than persons designated by this Agreement as proper recipients; and

(d)   to use such Confidential Information solely for the purposes of this proceeding.

5.   Material designated by the Defendant as "Confidential Information" may be disclosed only to:

(a)   attorneys representing the Plaintiff and employees of such attorneys or law firms with which such attorneys are associated, but only for purposes of this proceeding; and

(b)   consultants, advisors, or experts retained by the Plaintiff, but only for purposes of this proceeding, and provided that such person shall first be given a copy of this Agreement and shall sign a declaration, a copy of which is attached hereto as Exhibit 1, agreeing that he/she is bound by the terms of this Agreement; and

(c)   the Plaintiff, but only for purposes of this proceeding; and

(d)   non-party deponents, but only for purposes of this proceeding, and provided that such person shall first be given a copy of this Agreement and shall sign a declaration, a copy of which is attached hereto as Exhibit 1, agreeing that he/she is bound by the terms of this Agreement.

6.   Material designated by the Plaintiff as "Confidential Information" may be disclosed only to:

3

    (a)    attorneys representing the Defendant in this proceeding and employees of such attorneys or law firms with which such attorneys are associated, but only for purposes of this proceeding; and

    (b)    consultants, advisors, or experts retained by the Defendant in this proceeding, but only for purposes of this proceeding provided that such person shall first be given a copy of this Agreement and shall sign a declaration, a copy of which is attached hereto as Exhibit 1, agreeing that he/she is bound by the terms of this Agreement; and

    (c)    the Defendant, FMR LLC, and any entity or person that directly or indirectly, wholly or in part, owns or is owned by, controls or is controlled by or is under common control with Fidelity or FMR LLC or any of its officers, directors, in-house counsel or employees thereof, but only for purposes of this proceeding; and

    (d)    non-party deponents, but only for purposes of this proceeding, provided that such person shall first be given a copy of this Agreement and shall sign a declaration, a copy of which is attached hereto as Exhibit 1, agreeing that he/she is bound by the terms of this Agreement.

7.    Nothing in this Agreement shall affect the right of either party to move for the admission into evidence at a hearing or trial of any document designated "CONFIDENTIAL" by the other party.

8.    In the case of deposition transcripts or transcripts of hearings or trial, designation of all or a specific portion of the transcript (excluding exhibits) which contain "Confidential Information" shall be made by a statement to that effect on the record in the course of the deposition, hearing or trial by counsel, or by letter to opposing counsel within 30 days of the receipt of the transcript or copy thereof. All deposition transcripts (excluding exhibits) shall be treated as containing "Confidential Information" under this Confidentiality Agreement until the expiration of the 30-day period for letter designation.

4

9.      Any party who wishes to submit "Confidential Information" to the Court in connection with any hearing, motion or responsive pleading must notify the producing party either 7 business days, or as soon as is practicable, prior to such hearing or prior to filing such motion, to allow the producing party sufficient opportunity to take steps to have the hearing conducted *in camera* and the motion (or any "Confidential Information" submitted therewith) filed under seal.

10.     Nothing in this Confidentiality Agreement shall limit or restrict the business or other purposes for which a party may use his/her/its own documents or other material designated as "Confidential Information."

11.     If a party who is a recipient of any "Confidential Information" submitted in accordance with this Agreement disagrees with respect to such designation in full or in part, such party shall notify all other parties, whereupon the parties shall confer in good faith in an effort to resolve the status of the subject information. If before or at the time of such conference the designating party withdraws the "Confidential" designation of such information, such designating party shall express that withdrawal by written notice submitted to the other parties. If the parties are unable to resolve the asserted confidential status of any information, any party may raise the issue of confidential status for determination by the Court. Nothing in this Agreement shall abridge the right of any party to seek judicial review or relief with respect to any ruling that the Court may make.

12.     At the conclusion of this litigation, including all appeals and periods for filing appeals, all documents or information covered by this Agreement, and all copies of same, and all

documents or portions thereof containing information derived from documents or information covered by this Agreement, shall be destroyed by the parties, given by the parties to their respective attorneys, or returned to the producing party. The parties are not permitted to maintain any document, or any copies of same, or any document or portions thereof containing information derived from documents or information designated by the opposing party as "Confidential" under this Agreement beyond the conclusion of this litigation. The attorneys for the parties are permitted to maintain such documents in their respective files for a reasonable period of time, but such documents shall be maintained under lock and key or, if maintained electronically, under a confidential password. Within thirty (30) days of the conclusion of this litigation, the parties and their attorneys shall certify in writing that the documents in their respective possession have been destroyed, returned, or maintained in the manner set forth in the preceding sentence.

13. The rights and obligations contained in this Agreement shall survive the conclusion of the Case and shall survive the destruction, maintenance, or return of Confidential Information.

Respectfully submitted,

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC, <br> By its attorneys, | DENNIS PALMERINI, <br> By his attorney, |
| /s/ Edward J. Sackman | /s/ Darlene Danielle |

SO ORDERED; this 30th day of ____July____, 2013.


/s/ Joseph A. DiClerico, Jr.
U. S. District Judge